UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:06CV-504-H

CARLA B. OLSON                                                                                     PLAINTIFF

V.

PINE TREE VILLA, LLC, d/b/a
HARBORSIDE HEALTHSIDE-
LOUISVILLE REHABILITATION AND NURSING CENTER           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

        This is a personal injury medical malpractice case originally filed in Jefferson Circuit Court. Plaintiff, Carla B. Olson, originally alleged that the Defendant nursing home was negligent in its care, causing her serious personal injury. Shortly after the complaint was filed, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1446(d). About a month after the removal, Plaintiff has moved for leave to file an amended complaint adding Dr. E. Brian Morgan and his medical group as Defendants. Defendant opposes the motion as untimely and unnecessary.

        Should the Court grant the motion for leave to file the amended complaint, the parties would be non-diverse and the case would be remanded to Jefferson Circuit Court. Defendant says that the Court should deny the amendment because it would oust the Court of federal question jurisdiction. Defendant sees no reason for the filing of the amended complaint because no discovery has occurred and argues that Plaintiff will not be injured by the denial of her motion.

In these circumstances, the decision whether to allow the amendment is in the sound discretion of the Court. While Defendant asserts that the amendment is not preceded by any noticeable discovery, they do not allege that the amendment itself constitutes fraudulent joinder. It does not appear that fraudulent joinder is an issue. Plaintiff states a reasonable basis for her claims against Dr. Morgan. He dealt with Plaintiff on a separate independent basis from the nursing home Defendant. While it is true that Plaintiff could file a separate complaint against Dr. Morgan in state court, that would complicate the resolution of all these claims as well as being unfairly prejudicial to Plaintiff. Both the claims against the nursing home and the doctor appear to arise from the same set of facts and circumstances. It makes sense that they be litigated together.

In these particular circumstances, the Court sees no reason to retain jurisdiction of the initial complaint where Plaintiff appears to have asserted a reasonable claim against an additional non-diverse defendant.

The Court being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for leave to file an amended complaint is SUSTAINED.

IT IS FURTHER ORDERED that because the Court now lacks diversity jurisdiction, this case is remanded to Jefferson Circuit Court.

cc:	Counsel of Record